IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DEANDRE DUNSTON,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　　Civil Action No. 3:17CV524–HEH
　　　　　　　　　　　　　　　　)
MS. BUSH, *et al.*,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　 )

## MEMORANDUM OPINION
(Dismissing Action Without Prejudice)

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13–8–CMC–BHH, 2013 WL 526887, at *2–3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). In his

initial Complaint, Plaintiff did not identify the particular constitutional right that was violated by the defendants' conduct. Plaintiff's terse and conclusory allegations in the initial Complaint also failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, by Memorandum Order entered on January 26, 2018, the Court directed Plaintiff, within fourteen (14) days of the date of entry thereof, to particularize his complaint in conformance with very specific directives. The Court received Plaintiff's Particularized Complaint. (ECF No. 14.) Plaintiff failed to comply with the directives of the Court.

For example, Plaintiff failed to list the defendants he wished to file the action against in his first paragraph as was required by the January 26, 2018 Memorandum Order. Moreover, Plaintiff's Particularized Complaint is one page comprised of three short paragraphs seemingly alleging that he failed to receive some unidentified medicine for an unidentified condition on September 8, 2017. Plaintiff's allegations in the Particularized Complaint again failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47).

Accordingly, by Memorandum Order entered on March 13, 2018, the Court directed Plaintiff to submit a particularized complaint within fourteen (14) days of the date of entry thereof. The Court warned Plaintiff that the failure to submit the particularized complaint would result in the dismissal of the action.

More than fourteen (14) days have elapsed since the entry of the March 13, 2018 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise respond to the March 13, 2018 Memorandum Order. Accordingly, the action will be dismissed without prejudice.

An appropriate order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: April 12, 2018
Richmond, Virginia